Margaret E. Hasselman - CA State Bar No. 228529
Nina R. Wasow - CA State Bar No. 242047
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
mhasselman@lewisfeinberg.com
nwasow@lewisfeinberg.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD FALCONE,

    Plaintiff,

vs.

DLA PIPER US LLP PROFIT SHARING AND 401(K) SAVINGS PLAN COMMITTEE; CAROL BUSS; LAWRENCE A. ROBINS; BANK OF OKLAHOMA, N.A.; and DOES 1-100.

    Defendants.

Case No. C09-05555 EMC

**COMPLAINT (ERISA)**

## JURISDICTION

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some of the Defendants reside in this District and the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

COMPLAINT      PAGE 1

## INTRADISTRICT ASSIGNMENT

3. Intradistrict assignment is proper in the San Francisco/Oakland Division because the breaches alleged occurred in San Mateo County, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Mateo County.

## PARTIES

4. Plaintiff, Richard Falcone, is a resident of Los Angeles, California. As more specifically described below, at all relevant times, Plaintiff has been a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the DLA Piper US LLP Profit Sharing and 401(k) Savings Plan ("the Plan").

5. At all relevant times, the Plan has been an employee pension benefit plan and employee benefit plan within the meanings of ERISA § 3(3) and 3(2)(A), 29 U.S.C. § 1002(3), 1003(3)(A), and was established pursuant to 28 U.S.C. § 401(k) of the Internal Revenue Code.

6. At all relevant times, the Plan has been a "defined contribution plan" or "individual account" plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), because the Plan establishes an individual account for each participant and calculates benefits for each participant based upon the amounts contributed to each participant's account plus any Plan income, expenses, gains, losses, and forfeitures from other accounts which may be allotted to each participant's account.

7. At all relevant times, Defendant DLA Piper US LLP Profit Sharing and 401(k) Savings Plan Committee ("the Plan Committee") or its predecessor has been the Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), as designated in the governing plan instruments. The Plan Committee is responsible for directing Bank of Oklahoma, N.A. as to the investment options in which the Plan's funds shall be invested. Further, the Plan Committee (and its delegates) have discretion to construe and interpret the Plan and to decide all matters arising under the Plan.

8. At all relevant times, Defendant Plan Committee and its members, each of whom was appointed by DLA Piper US LLP's Executive Committee, were fiduciaries of the Plan because they were the named fiduciary of the Plan within the meaning of ERISA § 402(a), 29

U.S.C. § 1102(a).

9. At all relevant times, Defendant Carol Buss has been the Senior Plan Administrator of the Plan. On information and belief, the Senior Plan Administrator was either a member of the Plan Committee or was delegated responsibilities of the Plan Committee and/or its members. For example, Ms. Buss responded to Plaintiff's inquiries regarding the investment of his account balance, and she is named in the Summary Plan Description as the person to whom initial requests for review of denied claims should be directed. As a result of these responsibilities and actions, Ms. Buss exercised discretionary authority or control respecting management or administration of the Plan, and was a fiduciary within the meaning of ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).

10. At all relevant times, Lawrence Robins has been an attorney at DLA Piper. On information and belief, at all relevant times, he has either been a member of the Plan Committee or has been delegated responsibilities of the Plan Committee and/or its members. Mr. Robins responded to Mr. Falcone's request that the losses to his Plan account be restored, and he purported to make determinations about Mr. Falcone's rights under the Plan by interpreting the Plan. As a result of these responsibilities and actions, Mr. Robins exercised discretionary authority or control respecting management or administration of the Plan, and was a fiduciary within the meaning of ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).

11. The names of any other Plan Committee members are unknown to Plaintiff, despite efforts to discover such information. The Plan Committee, Ms. Buss, Mr. Robins, and any other members of the Plan Committee are hereinafter referred to collectively as the "Committee Defendants."

12. At all relevant times, Defendant Bank of Oklahoma, N.A. ("the Trustee"), has been the Trustee of the Plan. As provided in the Trust Agreement, the Trustee has the authority to hold the Plan's assets, invest and reinvest these assets, and act as distributing agent in connection with payments to Plan participants and beneficiaries. Further, the Trust Agreement provides that "each Plan Participant shall direct the Trustee in which investment option(s) to invest the assets in the participant's individual accounts." By virtue of these responsibilities and

1 actions, the Trustee exercised authority or control respecting management or disposition of Plan
2 assets and/or exercised discretionary authority or control respecting management or
3 administration of the Plan, and was a fiduciary within the meaning of ERISA § 3(21)(A); 29
4 U.S.C. § 1002(21)(A).

## FACTS

13. In or around 1983, Mr. Falcone became a participant in an employee pension benefit plan sponsored by Littler Mendelson, P.C. ("the Littler plan"). The Littler plan was a defined contribution or individual account plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34).

14. When Mr. Falcone joined the Littler plan, he affirmatively elected to direct the investment of Plan contributions held for his account into investment options designed to invest in cash or cash equivalents.

15. In or around November 2000, Mr. Falcone ended his employment with Littler Mendelson and began working at Gray Cary Ware & Freidenrich, which was later merged with and/or acquired by DLA Piper.

16. At all relevant times, the Plan's fiduciaries have maintained a variety of investment funds in the Plan, and participants have had the right, with certain limitations, to direct the investment of Plan assets allocated to their individual account balances into one or more investment funds maintained by the Plan.

17. On or around September 13, 2006, Plaintiff rolled his account balance from the Littler plan into the Plan. He maintained his affirmative election to invest Plan contributions held for his account in cash or cash equivalents ("Cash Funds").

18. On or around September 18, 2006, the Plan acknowledged receipt of Mr. Falcone's rollover contribution from the Littler plan and invested the entire amount in a Cash Fund investment option called "AP Cash Management" "per [Mr. Falcone's] rollover instructions."

19. The Plan provides that "[y]our most recent instructions will remain in effect until you submit new instructions according to these rules." Mr. Falcone did not submit new

COMPLAINT PAGE 4

1 investment instructions at any time prior to November 2008.

2     20. On April 17, 2007, Mr. Falcone informed Defendant Buss of a change to his
3 mailing address.

4     21. On or around October 29, 2008, Mr. Falcone discovered that, contrary to his
5 investment instructions and without his knowledge, his account balance had been transferred to
6 the Vanguard Target Retirement Fund on or around July 18, 2008.

7     22. Mr. Falcone immediately instructed the Plan to transfer his account balance back
8 to the Cash Funds, and the transfer occurred on or around November 18, 2008.

9     23. Mr. Falcone also immediately inquired to Defendant Buss and the Trustee why
10 his account balance had been transferred. He was informed that the transfer had been made
11 pursuant to notices from the Plan allegedly sent to him on May 15 and June 11, 2008.

12     24. Mr. Falcone did not receive the May 15 and June 11 notices until they were
13 forwarded to him by email after his inquiry, on or around November 17, 2008. The notices
14 emailed to Mr. Falcone stated that the Plan's default investment option had changed, and that
15 contributions of participants who had not previously made an affirmative investment election
16 would be invested in the Vanguard Target Retirement Funds, unless they made an affirmative
17 investment election. However, the notices stated that participants who had previously made
18 affirmative investment elections would continue to have their contributions invested per the
19 participants' investment elections.

20     25. On January 28, 2009, Mr. Falcone, through counsel, sent a letter to Defendant
21 Buss requesting that all losses to the Plan caused by the failure to follow Mr. Falcone's
22 affirmative investment election be restored.

23     26. Defendant Robins responded by letter dated May 21, 2009, declining to restore
24 the losses to the Plan held for Mr. Falcone's account.

25     27. By transferring the Plan assets held for Mr. Falcone's account without his
26 authorization and contrary to his affirmative investment instructions, the Committee
27 Defendants, and each of them, and the Trustee, breached their fiduciary duties to the Plan.

28     28. As a result of the unauthorized transfer of Mr. Falcone's account balance from

1  the Cash Fund to the Vanguard Target Retirement Fund, the Plan sustained a loss of
2  approximately $225,000.

## CLAIM FOR RELIEF

### Claim for Breach of Fiduciary Duty Against All Defendants

[ERISA §§ 404, 409, 502(a)(2), 29 U.S.C. §§ 1104, 1109, 1132(a)(2)]

29. Plaintiff incorporates Paragraphs 1 through 28 as though fully set forth herein.

30. ERISA § 404, 29 U.S.C. § 1104, requires, inter alia, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. ERISA § 404, 29 U.S.C. § 1104, further requires that a plan fiduciary discharge his or her duties with respect to a plan in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

31. Defendants breached their fiduciary duty to the Plan by failing to fulfill their obligation under the Plan to follow Plaintiff's affirmative investment instructions.

32. ERISA § 409, 29 U.S.C. § 1109, provides, inter alia, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach and to restore to the plan any profits the fiduciary made through use of the plan's assets. ERISA § 409 further provides that such fiduciaries are subject to such other equitable or remedial relief as a court may deem appropriate, including removal of the fiduciary.

33. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a suit for relief under ERISA § 409 on behalf of the plan.

34. As a direct and proximate consequence of Defendants' breaches of fiduciary duty, the Plan suffered losses.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants, and each of them, have breached their ERISA fiduciary

1               duties;

2     B.    Issue an order compelling Defendants to make good to the Plan all losses to the Plan resulting from these breaches;

4     C.    Impose pre-judgment and post-judgment interest and/or lost investment earnings on all amounts restored to the Plan as awarded by the Court;

6     D.    Enjoin defendants, and each of them, from any further violations of their ERISA fiduciary responsibilities, obligations, and duties;

8     F.    Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

10    G.    Provide such other relief as the Court deems equitable and just.

Dated: November 23, 2009                       Respectfully submitted,

                                                  LEWIS, FEINBERG, LEE,
                                                  RENAKER & JACKSON P.C.

By: _/s/ Nina Wasow_____
    Nina Wasow
    Attorneys for Plaintiff